In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-1903

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAPIERRE SCOTT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21-cr-00074-1 — **Thomas M. Durkin,** *Judge.*

ARGUED FEBRUARY 26, 2025 — DECIDED SEPTEMBER 2, 2025

Before ROVNER, SCUDDER and KOLAR, *Circuit Judges.*

ROVNER, *Circuit Judge.* LaPierre Scott was convicted following a bench trial of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 70 months' imprisonment. He now appeals the denial of his motion to suppress evidence in the district court, and also challenges the sufficiency of the evidence with respect to the § 922(g) violation.

In addition, he seeks to adopt a constitutional challenge to § 922(g) that he asserted in the district court.

With respect to the suppression motion, the district court did not conduct an evidentiary hearing, but instead relied on the undisputed facts agreed to by the parties. Scott was arrested at a gas station mini-mart on the night of Dec. 6, 2020. That night, officers had arrived at the gas station to investigate a robbery that had occurred outside the station earlier that day and to obtain the station's surveillance footage. As they approached the entrance to the store, they saw Scott look in their direction and then walk inside. The station contained two single-occupancy bathrooms in the mini-mart, and Scott bypassed the first restroom door and entered the second which had an "Out of Order" sign affixed to it. He did not lock the door of that restroom after entering. The officers shortly followed him, and after entering through the unlocked door, found Scott standing on the handicap grab bars beside the toilet, with his arm reaching through a ceiling tile in the ceiling.[1] The officers recovered a gun from that same area of the ceiling, and in a subsequent custodial search of

---

[1] The district court in its recitation of the undisputed facts stated that "Scott was standing on the handlebars beside the toilet, with half of his body above the ceiling tiles." Scott characterizes that as a misstatement by the court, noting that the tiles were well over his head and half of his body was not above the ceiling tiles. The parties appear to agree that the body-cam videos, which the district court also was able to review prior to deciding the motion, shows that at least the midriff area above Scott's waist was not in the ceiling. We need not resolve that because the actions of Scott after the officers entered the restroom are not relevant to the motion to suppress, which turns on whether Scott had a privacy interest in the area. We have set forth the more limited facts that are consistent with the factual recitation by both parties in the briefing before the district court and here.

Scott, found cash in the amount of $871 and narcotics including pills and powder of ecstasy and an ecstasy-type drug called "eutylone" weighing 80.4 grams, three pills and powder totaling 0.4 grams of methamphetamine, and fifteen baggies containing a total of 33 grams of marijuana. The government concedes that the officers lacked probable cause or reasonable suspicion to believe Scott had committed a crime at the time they entered the restroom.

Scott sought to suppress the evidence as the product of an unconstitutional search. The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In general, a search by law enforcement officers can only be performed pursuant to a warrant supported by probable cause, unless an exception to the warrant requirement applies. *United States v. Lewis*, 38 F.4th 527, 533 (7th Cir. 2022); *Lange v. California*, 594 U.S. 295, 301 (2021). There is no need for a warrant, however, if the conduct does not constitute a search. *Lewis*, 38 F.4th at 533. Two lines of precedent explore whether conduct amounts to a search: "[u]nder the property-based approach, a search occurs when an officer enters a constitutionally protected area, such as the home, for the purpose of gathering evidence against the property owner;" and "under the privacy-based approach, courts ask whether a person has a legitimate expectation of privacy in a given situation." *Id*. at 533-34.

Scott does not argue here or in the district court that he has a protectible property interest in the restroom. Instead, he asserts that he had a reasonable expectation of privacy in the place where the evidence was discovered, the out-of-order

public restroom. To establish such a protectible privacy interest, Scott had to demonstrate: (1) that, by his conduct, he subjectively exhibited an expectation of privacy in the circumstances at issue and (2) that the expectation is one that society is prepared to accept as reasonable. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). The district court properly held that he failed to meet both prongs.

In assessing whether a defendant has a legitimate privacy interest in a place, we consider factors such as: "'(1) whether the defendant had a possessory [or ownership] interest in the thing seized or the place searched, (2) whether he had the right to exclude others from that place, (3) whether he exhibited a subjective expectation that it would remain free from governmental invasion, (4) whether he took normal precautions to maintain his privacy, and (5) whether he was legitimately on the premises.'" *United States v. Carlisle*, 614 F.3d 750, 758 (7th Cir. 2010), quoting *United States v. Peters*, 791 F.2d 1270, 1281 (7th Cir. 1986) (overruled on other grounds). Those factors weigh against a privacy interest here. Scott was legitimately on the premises, but the other factors are problematic — particularly here, where the room he entered was marked as an "out of order" restroom. In a normal public bathroom, the restroom symbols on the door are essentially an invitation to the public to enter the room for its intended use, and the lock on the inside of the door gives them the ability to ensure the exclusion of others from the room while using it. Here, however, Scott entered a restroom that in addition to containing the usual symbols designating it as a public restroom, had a sign affixed immediately above those symbols on the door stating that the restroom was out of order. Rather than inviting the use by an individual of that room, that sign operates

to preclude such use of that room. He would have no possessory interest in a restroom that he is essentially barred from using because it is out of order. And he certainly would have no right to exclude others from it given the clear import of the sign that maintenance persons would need access to repair it.

Moreover, he did not take normal precautions to ensure privacy because he failed to lock the door. A restroom in a gas station is in steady use, and the only way that a customer can determine whether the restroom is available is to knock and wait for an answer or to try to open the door. Even in a functioning public restroom, users would expect that if they do not lock the door, other persons may try to access the restroom within a matter of minutes. With the "out of order" sign, Scott would be on notice to expect that employees or other workers could enter the restroom to repair or clean it at any moment. Moreover, that out-of-order designation would put him on notice that the space was not accessible to the public at that time for use as a restroom, and therefore that he did not have access to that space let alone an interest in excluding others from it.  His failure to lock the door, combined with the designation that the restroom was out of order and therefore presumably not available for public use at the time, both belies a subjective expectation of privacy and renders any expectation of privacy one that society would not consider reasonable. The court properly found that he had neither a subjective nor an objectively reasonable expectation of privacy.

Scott repeatedly complains, however, that the officers saw him open the restroom door and believed that he had entered the bathroom for its intended purpose, and therefore he would reasonably expect that they would not enter a restroom that they knew to be occupied. That argument fails as

a factual matter. Because the large out-of-order sign was clearly visible on the door immediately above the male/female symbols designating it as a restroom, the officers would have no reason to believe that Scott did not see the sign on the door before entering. That out-of-order sign declared that the restroom could not function for its intended purpose, and Scott therefore has produced no evidence supporting his claim that the officers believed that he had entered the bathroom for its intended purpose. In fact, entry into an out-of-service restroom could lead an officer to believe it is being used for something other than the room's intended, lawful purpose. But more importantly, that focus on the subjective knowledge of the officers is misplaced. The only relevant question is whether he would have an *objectively reasonable* expectation of privacy in an unlocked public restroom that is marked out of order. That standard is not met.

The second issue raised by Scott is a challenge to the sufficiency of the evidence as to the firearm charge. Our standard of review for challenges to the sufficiency of the evidence is the same for bench trials as jury verdicts, and "'we reverse only if we conclude, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Foy*, 50 F.4th 616, 624 (7th Cir. 2022), quoting *United States v. Medina*, 969 F.3d 819, 821 (7th Cir. 2020). In making that determination, "we may not 'reweigh evidence or reassess credibility and may uphold a conviction based on circumstantial evidence.'" *Id.* We will overturn a verdict for insufficient evidence only if the record is devoid of evidence which would allow a rational trier of fact to find guilt beyond a reasonable doubt. *Id.*; *United States v. Williams*,

127 F.4th 676, 682 (7th Cir. 2025). Scott concedes that the record contains sufficient evidence to support the conviction for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). He argues, however, that there was insufficient evidence to support the conviction for the unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Specifically, he asserts that there was no evidence that Scott was in actual, immediate physical control of the firearm to establish actual possession, and that the evidence was insufficient to establish constructive possession. The government responds that the evidence supported a finding of constructive possession.

Either actual or constructive possession can be sufficient to establish the possession of a firearm required for a conviction under 18 U.S.C. § 922(g)(1). *United States v. White*, 95 F.4th 1073, 1078 (7th Cir. 2024). Constructive possession is a "legal fiction" whereby a person may be deemed to possess an object even though that person does not actually have immediate physical control of that object. *United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012). It exists "where a defendant 'knowingly had both the power and the intention to exercise dominion and control over the object, either directly or through others.'" *United States v. Maxwell*, 143 F.4th 844, 857 (7th Cir. 2025), quoting *Griffin*, 684 F.3d at 695. "This required 'nexus' must connect the defendant to the contraband, separating true possessors from mere bystanders." *Griffin*, 684 F.3d at 695; *Maxwell*, 143 F.4th at 857

In order to prove constructive possession of a firearm, the government must establish more than the mere proximity of a defendant to the firearm. *White*, 95 F.4th at 1078; *Maxwell*,

143 F.4th at 858. "That said, proximity coupled with other factors—'including connection with an impermissible item, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise'—can sustain a guilty verdict." *Maxwell*, 143 F.4th at 858, quoting *White*, 95 F.4th at 1078.

The trial court had ample evidence to determine that Scott had exercised control over the firearm. Scott was observed by the officers standing on the handicap bars around the toilet of the restroom with one hand reaching up through the ceiling tiles. Access to the ceiling area was not an expected or legitimate use of even a functioning restroom, and when the officer looked at the spot in the ceiling where his hand had been, they discovered the gun. Although the ceiling area surrounding the gun was covered in dust, the gun was not dusty, indicating that it had been placed in that position relatively recently. That was strong evidence that he had placed the gun in the ceiling. His action in reaching into the ceiling where the gun was hidden was a gesture implying control, one of the factors recognized as evincing constructive possession in conjunction with proximity.  See *United States v. Shaffers*, 22 F.4th 655, 664 (7th Cir. 2022) (furtive movements in the area that the firearm was found held to demonstrate a factor that would support constructive possession). Nothing other than the gun was found in the ceiling panel, further supporting a conclusion that the reason Scott reached his hand through the ceiling panel in the ceiling was that he was seeking to hide the gun in the ceiling to evade detection. The government also provided evidence of motive, establishing that Scott had seen the officers as he was entering the mini-mart, allowing for a reasonable inference that as a felon he would have known that

he could not lawfully possess the firearm. Moreover, his possession of the drugs provided a motive for firearm possession, as the connection between drug dealing and the possession of firearms is well-established. *United States v. Coley*, 137 F.4th 874, 883-84 (7th Cir. 2025) (declaring that "the defendants' participation in drug trafficking is proof of motive for having a gun … which is itself relevant to showing constructive possession when coupled with proximity to the gun").

Scott contends that he was seeking to hide the drugs, which were found in a zipped satchel-type bag strapped to him in the subsequent search of his person, and not the gun found in the ceiling. He points to the absence of his fingerprints on the gun that was recovered, but that alone does not defeat constructive possession. *Id.* at 882 (noting that "constructive possession can be proved by direct or circumstantial evidence, … so the absence of fingerprint or DNA evidence is of little consequence") If, as Scott argues, he was seeking to hide the drugs and not a gun, one would have expected the drugs to have been in that hand before his ascension to the perch on the handicapped bars, or would have expected drugs to be found in the ceiling. His theory would require a trier of fact to conclude that it was just a coincidence that the gun was found in the precise area of the ceiling into which he was found to be reaching. In any event, the government does not have to exclude the possibility of any alternative view of the evidence. The government need only produce sufficient evidence to allow a factfinder to conclude beyond a reasonable doubt that he was guilty of the offense. To prevail on his claim of insufficiency of the evidence, Scott bears the heavy burden of showing that "no rational trier of fact could have found that the government proved the essential elements of the crime beyond a reasonable doubt." *Griffin*, 684 F.3d at 694.

Significantly, "[b]oth the evidence and all of the reasonable inferences that can be drawn from it are viewed in the light most favorable to the government." *Id*. Here, the evidence and reasonable inferences from it are sufficient to allow a rational trier of fact to find the elements of § 922(g) beyond a reasonable doubt.

Finally, Scott also purports to raise an additional challenge in this case — that the felon in possession statute violates the Second Amendment — but he does not make any legal argument in support of that contention. He instead merely states that he "adopts the arguments from his Motion to Dismiss arguing that 18 U.S.C. § 922(g) is unconstitutional," and states that "[t]his issue is raised to preserve the issue, which is already before this Court in *United States v. Griffin*, 23-3330."[2]

We have repeatedly held that a litigant's attempt to incorporate by reference arguments on issues made to the district court is unacceptable and cannot serve as a valid presentation of the argument on appeal. See e.g. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998), abrogated on other grounds by *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247

---

[2] Although the brief looks to *Griffin*, seven months before the brief was filed, proceedings in *Griffin* were suspended pending this court's resolution of *United States v. Prince*, No. 23-3155. The government responded that if Scott sought to benefit from a potentially favorable decision in another pending appeal, he should have requested to stay his appeal until that case is decided as dozens of defendants had done pending a decision in *Prince*. In the reply brief, Scott addresses only *Prince*, making no further reference to *Griffin*, but states only that *Prince* will be binding on his case regardless of how it is decided and that therefore "Scott will await the *Prince* decision." Scott has never sought a stay of proceedings in our court pending our decision in *Prince*, nor has he raised any legal arguments in this court.

(2010) (recognizing that the practice on appeal of incorporating by reference arguments on the issues made to the district court "is unacceptable and that it cannot serve as a valid presentation of an argument on appeal"); *Hunter v. Allis-Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1430 (7th Cir. 1986) (holding that the issue was waived because "[o]ur rules do not permit issues to be preserved by references to documents filed in the district court … . Issues must be argued to be preserved"); *Spitz v. Proven Winners North America*, 759 F.3d 724, 731 (7th Cir. 2014) (same). The government argues in its responsive brief that the argument is waived, and in the reply brief Scott did not address the waiver issue, instead merely stating that a conviction based on an unconstitutional law would be void even if Scott had not challenged his conviction in this appeal. Because Scott waived the challenge to the constitutionality of § 922(g), there is no constitutional issue for us to decide.

Accordingly, the decision of the district court is AFFIRMED.